The opinion of the court was delivered by
Miller, J.
The plaintiff and defendant each have franchises from the city of New Orleans to operate a railway through the streets. The Canal & Claiborne Street Railroad Company obtained a franchise in 1867 to run cars pulled by mules through streets, one of which was Canal street. It laid its tracks accordingly, and in 1887, the franchise having expired, another was obtained by the defendant, the Canal & Claiborne Railroad, with the right to use the same tracks. In 1882, while the franchise of the Canal & *1477 Claiborne Street Railroad was in force, the city granted the franchise to the plaintiff, the New Orleans & Carrollton Railroad Company, and under the power claimed by the city, conferred on plaintiff the right to use the Oanal street tracks laid by the Olaiborne Company. Later, in 1892, the use of electricity as a motor for the plaintiff’s cars was authorized by the city, and by the same ordinance the right previously conferred of using the Canal street tracks, with the privilege of placing an extra rail outside or between those tracks, was repeated. This litigation arises from the differences between these two companies, plaintiff and defendant, in reference to the reconstruction of the tracks, the use of which is claimed by both, but that claim on the part of plaintiff the defendant strenuously disputes. The petition asserts the right to the use of the Canal street tracks, under plaintiff’s franchise; avers that the material in place on the present tracks is old, worn, unfitted for use, of little value even for a horse railway, and that petitioner desires to expropriate so much material as is necessary to reconstruct the roadbed so as to adapt it for use by the cars of petitioner, propelled by electricity. The petition concedes the defendant will have the benefit of the new constructions of the road-bed and, it is averred, should contribute to the expense, and there is a disclaimer in the petition of any desire to expropriate the whole of the road-bed, but only the stringers and cross-ties, and the portions of the road-bed requiring removal, so as to permit the new construction with new and heavy rails required for electric cars. The prayer is for the decree that the stringers, cross-ties and material in place, requiring removal, be taken up, adjudged to the petitioner, on paying such damages as may be assessed by a jury to be drawn in accordance with the law on the subject of expropriations. There was filed a supplemental petition, averring an offer of five thousand dollars by plaintiffs to defendant to obtain its consent to the reconstruction, and the sum tendered, it is averred, is largely in excess of any possible damage to defendant, and by another supplemental petition it is averred that the defendant intended to substitute electricity as the power to propel its cars; that plaintiff was not aware of this when it offered the five thousand dollars; that the expense of the reconstruction should be divided between the plaintiff and defendant, and the modification in the relief previously sought is that the reconstruction be decreed; defendant be condemned to pay half this expense, with petitioner’s right to *1478 run over the reconstructed tracks, the old material to remain the property of the defendant.
The defendant excepted to the suit on the grounds, substantially, that there was no warrant for the taking of defendant’s property proposed by the petition; that the grants from the city on which plaintiff relies do not refer to defendant’s property, or if there is any such reference, the city was without power to confer the rights in respect to defendant’stracks alleged by plaintiff; that defendant’s railway and property were acquired from the city under a contract protected by the Constitution of the United States, and no portion of the property and railway can be taken without the consent of the defendant; that petitioner’s alleged grants convey at best a mere license to use defendant’s tracks constructed for cars drawn by mules, and carry no right to convert the road-bed into a road for the electric propulsion of cars, with the appropriation of space for trolley wires and other attendants of the electric car system which it is claimed would preclude any use of the tracks by defendant, and the exceptions insist there is no law for the appropriation claimed by plaintiff.
The judgment of the lower court sustained these exceptions and plaintiff appeals.
In our view the contention that the plaintiff has no right to use the defendant’s tracks on Canal street finds its answer in the city charter, subordinate to which the franchises of both companies are held. It is obvious public policy that roads using one of the great thoroughfares of the city should be confined as far as practicable to one track. It is declared in the charter that the Council shall have power to compel all lines in any one street to run on and use one and the same track and turn-table (Act No. 20 of 1882, Sec. 7). That right was conferred on the plaintiff by its contract with the city in 1882, a few months after the city charter was passed. The defendant obtained its franchise in 1887. It author-zed the use of the tracks of the Canal & Claiborne Streets Railroad Company, the franchise of which company had expired. It is, in our opinion, clear that the defendant took its franchise subject to the common use of the tracks by plaintiff and defendant. In a certain sense the present company was the assignee of the previous Canal & Claiborne Streets Railroad Company, that laid the tracks now in controversy. In the previous litigation be *1479 fore this court there has been the repeated recognition of the right of the defendant, as well as of its predecessor, to compensation for the use of its tracks by any other company. Subject to that right there is, it seems to us, no escape from the conclusion that it was competent for the city to confer on the plaintiff the use of these Oanal street tracks. There was no impairment of any contract of defendant, for his contract was qualified from its incipiency, and at all times by that privilege of other companies the exception questions. Nor can we appreciate the basis of the contention that the grant to plaintiff does not refer to the tracks in controversy here. The reference in the specifications and plaintiff’s contract of 1882 is to “ the said Claiborne Railroad Company’s tracks.” The title of the company then existing that had laid the tracks on Canal street is abbreviated, but of the tracks and company intended, i. e. the Canal & Claiborne Streets Railroad Company, there can be no doubt. See Canal & Claiborne Streets Railroad Company vs. City of New Orleans, 39 An. 709; The Canal & Claiborne Streets Railroad Company vs. Crescent City Railroad Company, 41 An. 561; Canal & Claiborne Railroad Company vs. Crescent City Railroad Company et al., 44 An. 485; Canal & Claiborne Railroad Company vs. Crescent City Railroad Company, 47 An. 315.
We find no occasion to discuss the question of expropriation, which has received a large share of attention in the argument. In our view, the supplemental petition presents the issue whether the corporation having the use of the tracks in common with another can compel the reconstruction of tracks alleged to be unfitted for use by age and decay. We think, under limitations to secure the use by both, and in other respects, the right must be recognized.
Determining only that the petition discloses a cause of action, and therefore that the exceptions must be overruled, of course there can be no decision on the issues involved. We feel called upon, however, to indicate the mode and conditions of the relief we deem ap - propriate to the case. In our view there should be no reconstruction of the tracks if the testimony shows they are in such condition as admits of their use by both companies; if reconstructed, it must be in such mode as will permit their free use by both, and with the least inconvenience to both, and at their joint, expense; if the two companies can not agree, the reconstruction to be made by the Canal & Claiborne Railroad Company, or if it does not choose to *1480 hegin the work within the delay to be fixed by the court, then the work to be performed by the plaintiff company, suitable compensation to be paid the Canal & Claiborne Railroad Company for any loss of materials or other damage incident to the reconstruction, and under such other limitations as the court shall prescribe to secure the right and interests of both companies. This indication of our views as to-the adjustment of the differences of these companies, of course, determines no issues only to be adjudged on the merits. We simply hold that by the reason of the use of the tracks accorded to both, and in view of the allegations in the petition, the plaintiff is entitled to go to trial in the ordinary mode on the petition.
It is therefore ordered, adjudged and decreed that the judgment of the lower court, maintaining the exceptions, be annulled, avoided and reversed, and the trial of the issue, after answer filed, proceed according to law and that defendant pay costs.